OPINION OF THE COURT — by the
Hon. PGWHATTAN ELLIS.
Thomas M. Smith for the use of E. Gibbs, instituted an action of as-sumpsit against Howell W. Runnells, in the Laurence superior court.— Plea non assumpsit issue, and verdict for the defendant.
When the cause was tried at the October term, 1821, • the plaintiff’s counsel offered in evidence, the defendant’s promissory note to Smith, endorsed specially by'Smith to Gibbs for a valuable consideration. To which evidence the defendant’s counsel objected, upon the ground, that a promissory note, with a special endorsement, could not be given in evidence to support an action, brought in the name of the original payee to the use of the last endorsee. The court sustained the objection, and a bill of exceptions was filed, and being made part of the record, a writ ef error was sued out returnable to the last term of the supreme court. From the slight examination I have been able to give this case, I am satisfied the note was properly rejected as evidence to substantiate the claim of Smith vs. Run-nells, when it appears from the face of the instrument, Smith had by a special endorsement, for value received, parted with all interest in the said note. Under such'circumstances, the possession of the note will not be evidence of property. If this evidence had not been ruled out, and a judgment was taken thereupon, could the present defendant, in a suit instituted by Gibbs upon the same note, plead the former judgment and recovery in bar of the plaintiff’s right of action? I think not, because the plea in bar must be founded upon the record of the former recovery, and if there be any variance between the plea in bar and the right of the plain *145 tiff to recov'er, as set forth in his pleadings, he must succeed in getting a verdict. The defendant executes a promissory note to Smith on the 23d September 1S19, promising one day after date to pay the sum of -two hundred and forty dollars. On the twenty-fifth „day -of January, 1S20, •Smith, the payee transfers by special endorsement his interest in the note, to E. Gibbs, for a valuable consideration. The right of property in the note evidently being in Gibbs, he no doubt could- recover,' and any plea in b ar founded on the former recovery, upon a demurrer, would be overruled, and judgment entered for the plaintiff. There are two modes of transfer-ing notes, first by delivery, when they are made payable to bearer, and in every case of this kind, possession will be considered as evidence of a right of property in the note; secondly, when they'pass by endorsement, upon being made payable to A B or order, possesion under a blank endorsement, will be prima facie evidence of a right. But if it be a special endorsement, no one but the last endorsee, or his known and acknowledged agent, can maintain an action, and it was upon this last principle the case of Dugon et al, executors of Clark vs. the United States, was decided, 5 Wheaton, 173. By the special endorsement in this case, the endorser,
Smith, parts with all his right to the note, and conséquently discharges the obligor, so far as it relates to him, and if the note'comes into his possession again, he must, in an action at law, shew a transfer and satisfaction, from the last endorsee, or the jury will be instructed as in the case of a non suit. See the case of Peacock vs. Rhodes, Douglas 611. How far the plaintiff 'would havebeen allowed to go, in striking out endorsements, at or before the trial, is not at this time for our consideration. In argument, it was observed, the court was bound down to the exception's taken at the trial below, but this is not our conception of the law. In writs of error, we ‘have a right to examine the whole of the record, and if we discover error's, upon which a judgment should not have been rendered, the judgment will be reversed, and the cause sent back upon a venire facias de novo. This principle has been repeatedly sanctioned by the judges in this court. I am of the opinion, the payee of a promissory note, transferred by special endorsement, who may come to the possession of said note again, cannot maintain an action to the use of the endorsee against the maker, when it appears from the face of the instrument itself, the right to sue is in the en-dersee, and not with the holder of the note.